RAYMOND J. ETCHEVERRY (1010)
MARGARET NIVER MCGANN (7951)
JULIETTE P. WHITE (9616)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

*Attorneys for Plaintiff Sara Lee Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA LEE CORPORATION, | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| SYCAMORE FAMILY BAKERY INC. | ) **Case No. 2:09-cv-523**<br>) |
| and | ) **Honorable J. Thomas Greene**<br>) |
| LELAND SYCAMORE, | )<br>) |
| **Defendants.** | )<br>) |

## COMPLAINT

Plaintiff Sara Lee Corporation ("Sara Lee"), by counsel and in support of this action for damages and injunctive relief against Defendants Sycamore Family Bakery Inc. ("Sycamore Family Bakery") and Leland Sycamore, hereby alleges as follows:

4811-5186-6883.1

## THE PARTIES

1. Plaintiff Sara Lee is a Maryland corporation with its principal place of business in Downers Grove, Illinois.

2. Upon information and belief, Defendant Sycamore Family Bakery is a Utah corporation with its principal place of business in Salt Lake City, Utah.

3. Upon information and belief, Defendant Leland Sycamore is an individual who resides in Provo, Utah.

4. Upon information and belief, Leland Sycamore is the sole officer and director of Sycamore Family Bakery and he directs, controls, participates in, and is the moving force behind the infringing activity described in paragraphs 16-25 of this Complaint.

## JURISDICTION AND VENUE

5. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants in that, upon information and belief, Defendant Sycamore Family Bakery is incorporated in the State of Utah and Defendant Leland Sycamore is domiciled in the State of Utah. Further, Defendants transact business throughout the State of Utah and in this judicial district, including offering for sale, marketing, and selling goods under the infringing trademark described in detail below.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL CLAIMS**

8. In or about April 1992, Defendant Leland Sycamore adopted and began use of the mark GRANDMA SYCAMORE'S HOME MAID BREAD in connection with bread and other bakery products.

9. The U.S. Patent and Trademark Office issued the following registrations to Defendant Leland Sycamore for the mark GRANDMA SYCAMORE'S HOME MADE BREAD:

| Mark | Reg. No. | Date of Reg. | Goods |
|---|---|---|---|
| GRANDMA SYCAMORE'S HOME MAID BREAD | 2,104,907 | 10/14/97 | Bread, bread rolls and bakery products |
| GRANDMA SYCAMORE'S HOME MAID BREAD & Design | 2,218,616 | 1/19/99 | Bread, rolls, buns, cinnamon buns |

(Collectively, the above registered trademarks and all associated common law rights are referred to as the "GRANDMA SYCAMORE'S HOME MAID BREAD Marks."). Registration Nos. 2,104,907 and 2,218,616 are valid and subsisting, unrevoked, uncancelled, and incontestable.

10. In or about December 1998, Defendant Leland Sycamore assigned all rights, title, and interest in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks to Plaintiff's predecessor-in-interest, Metz Baking Company ("Metz Baking"), in connection with Metz Baking's purchase of Defendant Leland Sycamore's business, Aaron Bakery, Inc. d/b/a Grandma Sycamore's.

11. In or about March 2008, Plaintiff acquired all rights, title and interest in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks from Metz Baking in connection with the merger of Metz Baking and Plaintiff.

12. Plaintiff is the owner of U.S. Registration Nos. 2,104,907 and 2,218,616 and the marks shown thereby and all of the business and goodwill represented thereby.

13. As part of the assignment of all rights, title, and interest in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks to Plaintiff's predecessor-in-interest, Metz Baking, in or about December 1998, Metz Baking granted to Defendant Leland Sycamore the right to use the GRANDMA SYCAMORE'S HOME MAID BREAD Marks under certain conditions, but that license extended to only very limited areas outside of the State of Utah. Defendants are aware that they do not have any rights or permission of any type whatsoever to use the GRANDMA SYCAMORE'S HOME MAID BREAD Marks in most of the United States, including the State of Utah.

14. Since the adoption of the GRANDMA SYCAMORE'S HOME MAID BREAD Marks, Plaintiff and its predecessors in interest have widely and extensively advertised and promoted bread and other bakery products under the GRANDMA SYCAMORE'S HOME MAID BREAD Marks through various means including, but not limited to, radio advertisements, coupon distribution, price promotions, product samples, sponsorships, and bakery tours. Bread and other bakery products are widely sold under the GRANDMA SYCAMORE'S HOME MAID BREAD Marks in retail grocery store chains, restaurants, schools, nursing homes, hospitals, and other locations throughout the State of Utah. GRANDMA SYCAMORE'S HOME MAID BREAD is the leading brand of bread sold in the State of Utah.

15. The consuming public and the trade have come to recognize and do recognize the GRANDMA SYCAMORE'S HOME MAID BREAD Marks as an indication of the source of Plaintiff's goods. Plaintiff derives substantial goodwill and value from its use of the GRANDMA SYCAMORE'S HOME MAID BREAD Marks.

16. Notwithstanding Plaintiff's well-established rights in the GRANDMA SYCAMORE'S HOME MAID BREAD Marks, Defendants have adopted and are using the confusingly similar designation SYCAMORE FAMILY BAKERY to market and sell bread in the State of Utah in direct competition with Plaintiff.

17. Defendants have full knowledge of Plaintiff's rights in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks by virtue of the acquisition of those rights by Metz Baking. With full knowledge of Plaintiff's rights, and, upon information and belief, with the intention of trading on the goodwill built up by Plaintiff and its predecessors-in-interest in the GRANDMA SYCAMORE'S HOME MAID BREAD Marks, Defendants are using the SYCAMORE FAMILY BAKERY mark to identify their bread.

18. SYCAMORE FAMILY BAKERY bread is offered for sale in the State of Utah at the Ream's Food Stores retail grocery store chain, Coeur d'Alene Bakery, the Host Marriott commissary located in the Salt Lake City airport, and, upon information and belief, Defendants are preparing to or have already sold SYCAMORE FAMILY BAKERY bread through other locations in Utah as well.

19. On or about September 12, 2008, Defendants registered the domain name sycamorefamilybakery.com.

20. Representatives of Defendants have informed Plaintiff's customers that Plaintiff changed the formula of the original GRANDMA SYCAMORE'S HOME MAID BREAD, that Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD is of poor quality, and that Defendants are using the original formula for GRANDMA SYCAMORE'S HOME MAID BREAD to make SYCAMORE FAMILY BAKERY bread. Upon information and belief, Defendants are making these representations in an effort to seize for themselves the goodwill associated with GRANDMA SYCAMORE'S HOME MAID BREAD, and to divert sales of bread from Plaintiff to Defendants.

21. Defendants' use of the SYCAMORE FAMILY BAKERY mark is likely to cause confusion and to deceive the consuming public as to the source, origin, or sponsorship of the goods offered by Defendants. For example, Defendants' use of the component "SYCAMORE FAMILY" is likely to cause confusion with Plaintiff's trademarks that include the unique and distinctive component "GRANDMA SYCAMORE'S." Defendants' actions are likely to mislead the consuming public into believing that the goods offered by Defendants originate from Plaintiff, or that there is some connection between Plaintiff and Defendants, thereby causing Plaintiff irreparable harm.

22. Plaintiff's and Defendants' goods are identical or closely related and move through comparable or identical channels of trade to similar or identical classes of consumers. Consequently, Plaintiff and Defendants are in direct competition with respect to those goods.

23. Upon information and belief, Defendants have willfully and knowingly violated and infringed the rights of Plaintiff in the GRANDMA SYCAMORE'S HOME MAID BREAD

Marks with the intention of deceiving and misleading customers, and Defendants have wrongfully traded on the goodwill and reputation of Plaintiff.

24. Defendants' conduct and practices have caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief and damages.

25. Defendants' acts as alleged above are without license or consent of Plaintiff.

## COUNT I
### Trademark Infringement (15 U.S.C. § 1114)

26. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs.

27. Defendants' SYCAMORE FAMILY BAKERY mark is confusingly similar to Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks, and Defendants' use of the SYCAMORE FAMILY BAKERY mark is likely to cause confusion or mistake and deception of consumers as to the origin, sponsorship, and/or nature of Defendants' goods.

28. Defendants' unauthorized use of a mark confusingly similar to Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks constitutes infringement of Plaintiff's rights in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks in violation of 15 U.S.C. § 1114.

29. Upon information and belief, as a result of Defendants' unlawful activities, Defendants have received or will receive substantial profits to which they are not entitled. Plaintiff has suffered, and unless Defendants are enjoined from further acts of infringement, Plaintiff will continue to suffer monetary damages, including lost profits and impairment of the value of Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks.

30.     Defendants have acted as described herein with full knowledge of Plaintiff's rights, and, upon information and belief, Defendants have acted with the intention to usurp such rights. The aforementioned acts of Defendants are therefore intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive. As a result, Defendants should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
### Federal Unfair Competition (15 U.S.C. § 1125(a))

31.     Plaintiff incorporates herein by reference the allegations contained in the above paragraphs.

32.     By offering goods in commerce in connection with the SYCAMORE FAMILY BAKERY mark and the other actions described herein, Defendants have used in connection with their goods a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake, or to deceive others to believe that the goods offered by Defendants are made by, sponsored by, approved by, originate with, or are affiliated with Plaintiff.

33.     Defendants' actions, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

## COUNT III
### Cybersquatting (15 U.S.C. § 1125(d))

34.     Plaintiff incorporates herein by reference the allegations contained in the above paragraphs.

35. Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks were distinctive and/or famous at the time of Defendants' registration of the domain name sycamorefamilybakery.com.

36. Upon information and belief, Defendants have had a bad faith intent to profit from the GRANDMA SYCAMORE'S HOME MAID BREAD Marks and have registered, trafficked in, or used a domain name (sycamorefamilybread.com) that is confusingly similar to or dilutive of the GRANDMA SYCAMORE'S HOME MAID BREAD Marks, in violation of 15 U.S.C. § 1125(d).

37. By reason of Defendants' actions, Plaintiff has been, and will continue to be, irreparably damaged unless Defendants are enjoined from using and retaining ownership of the domain name sycamorefamilybakery.com.

38. Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants, to recover damages (actual or statutory) proven at trial, reasonable attorneys' fees, and costs and disbursements incident to Defendants' unlawful cybersquatting.

### COUNT IV
### Common Law Trademark Infringement and Unfair Competition

39. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs.

40. As a result of the association by the public of Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks with Plaintiff and its goods, the use by Defendants of the SYCAMORE FAMILY BAKERY mark in connection with their goods is likely to cause confusion, to cause mistake, and to deceive.

41. On information and belief, Defendants have utilized the SYCAMORE FAMILY BAKERY mark with full prior knowledge of Plaintiff's rights in and to the GRANDMA SYCAMORE'S HOME MAID BREAD Marks, and Defendants' use of a confusingly similar mark was and is for the willful and calculated purpose of trading on Plaintiff's goodwill and business reputation as embodied in and symbolized by Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks.

42. Defendants have marketed their goods in such a manner so as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Plaintiff.

43. Defendants' acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the goods provided, all to the profit of Defendants and to Plaintiff's detriment.

44. Defendants' conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks, and further constitutes common law unfair competition with Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendants and those persons and entities in active concert or participation with Defendants, be enjoined from:

 (a) Advertising, offering, and providing goods and/or services in the United States using the SYCAMORE FAMILY BAKERY mark, or using any other designation, trademark, service mark, or trade dress which so resembles Plaintiff's GRANDMA SYCAMORE'S HOME MAID

BREAD Marks as to be likely to cause confusion, deception or mistake, except as expressly authorized by Plaintiff;

(b) Further infringing Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks, or damaging Plaintiff's goodwill;

(c) Otherwise using Plaintiff's GRANDMA SYCAMORE'S HOME MAID BREAD Marks in any unlawful or unfair manner; or

(d) Otherwise competing unfairly with Plaintiff in any manner;

2. That Defendants be ordered to deliver up for destruction any and all materials in their possession, custody, or control, including but not limited to, signs, packages, forms, advertisements, business cards, letterheads, circulars, boxes, and/or other representations and means for reproducing the same, that make reference to or use any designation or mark that is confusingly similar to Plaintiff's Marks, except those materials expressly authorized by Plaintiff;

3. That Defendants be required to account for and pay over to Plaintiff three times all gains, profits, and advantages derived by Defendants from the trademark infringement, and unfair competition described herein;

4. That Defendants be required to pay over to Plaintiff three times all damages incurred by Plaintiff that are recoverable by law as a result of Defendants' trademark infringement, and unfair competition described herein;

5. That Defendants be required to pay Plaintiff statutory damages;

6. That the Court order Defendants to transfer the domain name sycamorefamilybakery.com to Plaintiff;

7. For an award of reasonable attorney's fees and costs according to applicable law;

8. For an award of interest on each and every damage award; and

9. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of any issue so triable.

This the 8th day of June, 2009.

        Respectfully submitted,

        /s/ Margaret N. McGann
        Raymond J. Etcheverry
        Margaret Niver McGann
        Juliette P. White
        PARSONS BEHLE & LATIMER
        201 South Main Street
        Suite 1800
        Salt Lake City, Utah  84111
        Phone:  801-532-1234
        Fax:  801-536-6111
        retcheverry@parsonsbehle.com
        mmcgann@parsonsbehle.com
        jwhite@parsonsbehle.com

        *Attorneys for Plaintiff,*
        *Sara Lee Corporation*

*Of Counsel:*

Charles A. Burke (N.C. State Bar No. 19366)
Melissa G. Ferrario (N.C. State Bar No. 36749)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina  27101
Telephone:  336-721-3625
Facsimile:  336-733-8416
cburke@wcsr.com
mferrario@wcsr.com