**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **SARA LEE CORPORATION,** | **MEMORANDUM DECISION AND ORDER GRANTING EXPEDITED DISCOVERY AND BRIEFING** |
| Plaintiff, | |
| vs. | **Case No.  2:09CV523DAK** |
| **SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE** | |
| Defendants. | |

The court held a status and scheduling conference in this matter on June 22, 2009.  At the hearing, Plaintiff was represented by Charles A. Burke and Margaret N. McGann, and Defendants were represented by Andrew Sjoblom.  Plaintiff filed this action on June 8, 2009, alleging various trademark infringement causes of action against Defendant in connection with Plaintiff's trademark in the Grandma Sycamore's Home Maid Bread mark.  Plaintiff contacted the court shortly after filing its Complaint and requested a status and scheduling conference in order to request expedited discovery in relation to its filing of a motion for preliminary injunction.

Defendants oppose expediting discovery and briefing in this matter on the grounds that Plaintiff has not yet filed a motion for preliminary injunction or an affidavit in support of its request for expedited discovery.  Plaintiff, however, argues that its Complaint was filed in good faith and the allegations in the Complaint provide an adequate basis for expediting matters in

relation to preliminary injunctive relief.  Moreover, Plaintiff asserts that its method of requesting a period of discovery prior to filing the motion for preliminary injunction is beneficial to all parties and the court.

Rule 26(d) of the Federal Rules of Civil Procedure clearly grants a trial court discretion to modify the normal time limitations that apply under the discovery rules where good cause is shown.  Fed. R. Civ. P. 26(d).  Rule 34 of the Federal Rules of Civil Procedure also allows the court grant a party access to designated tangible things relevant to an action and shorten the time for doing so.  Fed. R. Civ. P. 34.  The court, therefore, believes the procedural rules allow the court to grant discovery based upon good cause shown without an actual pending motion for preliminary injunction.

In determining whether good cause is shown, the court can look to the allegations of Plaintiff's Complaint seeking injunctive relief.  Plaintiff's Complaint alleges Plaintiff's ownership of the trademark in Grandma Sycamore's Home Maid Bread.  In 1998, Defendant Leland Sycamore assigned all rights, title, and interest in the mark to Metz Baking Company. Metz Baking was in turn purchased by Plaintiff in March 2008.  Plaintiff alleges that Defendants have adopted and are using the confusingly similar designation "Sycamore Family Bakery" to market and sell bread in the State of Utah in direct competition with Plaintiff.  Plaintiff further claims that Defendants are telling Plaintiff's customers that Plaintiff changed the formula of the original bread and is making an inferior product while Defendant are using the original formula.

While the court does not have a motion for preliminary injunction before it and is not ruling on the merits of such a motion, the court does believe that the allegations in the Complaint provide good cause for allowing Plaintiff's request to proceed on an expedited basis.  Defendants claim that Plaintiff requests expedited discovery because Plaintiff does not have enough evidence

to bring a motion for preliminary injunction. But the court has seen several motions for preliminary injunction brought in trademark actions with allegations no more detailed than Plaintiff's. Cases requesting injunctive relief necessarily move quickly. In fact, under established case law, preliminary injunctive relief can be denied if a party does not timely assert its rights. The court views Plaintiff's approach in requesting expedited discovery and briefing of the motion to be reasonable and an effort to promote judicial economy.

Given the nature of the allegations, there is good cause for expediting all discovery in this case in order to get the case in a dispositive posture at the earliest possible date. If the allegations of the Complaint are in fact true, all parties will be benefitted by hearing the case promptly and reducing Plaintiff's damages. And, if the allegations are not true, there should be little interference with Defendant's business and any such interference will be shortened. Accordingly, based on a finding of good cause, the court grants Plaintiff's request for expedited discovery and briefing on its motion for preliminary injunction.

At the hearing, Plaintiff submitted an Order on Discovery Schedule and Preliminary Injunction Briefing. The court is prepared to enter the requested order. However, Plaintiff stated that it is willing to adjust certain specific deadlines in the order and work with Defendants in reaching a mutually satisfactory schedule. Given Plaintiff's remarks, the court prefers and hereby orders the parties to meet and confer regarding the deadlines provided for in the requested order and submit a stipulated order within five days of the date of this Order. If the parties cannot reach agreement on specific deadlines or if Defendants continue in their refusal to agree to the general parameters of the requested order, the court will simply enter the requested order.

DATED this 22nd day of June, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge