# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **SARA LEE CORPORATION,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | **Case No.  2:09CV523DAK** |
| **SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE** | |
| Defendants. | |

This matter is before the court on Plaintiff Sara Lee Corporation's Motion for Contempt Sanctions.  The motion was briefed and heard by the court on an expedited basis.  The court held a hearing on the motion on May 12, 2011.  At the hearing, Plaintiff was represented by Charles A. Burke and Margaret N. McGann, and Defendants were represented by Heather L. McClosky and Stephen M. Sansom.  The court heard oral argument from counsel and live testimony from Tyler Sycamore, Managing Director of Sycamore Family Bakery Inc. dba Nana's Love Bakery. After hearing argument and testimony, the court took the motion under advisement.  After carefully considering the parties' arguments and the facts and law related to the motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Sara Lee filed the Motion for Contempt Sanctions on April 18, 2011, after discovering that Defendants were selling bread in "Sycamore Family Bakery" bags that had been enjoined by

this court's prior preliminary injunction and permanent injunction orders. Defendants admit that they sold 14,911 units of bread in the prohibited bags. Defendants assert, however, that they ran out of their new "Nana's Love" bags and the plant manager of the bakery mistakenly, or in poor judgment, decided to use the prohibited bags. Defendants had notified all employees at its bakery of the court's previous orders and the plant manager knew that the Sycamore name could not be used in Defendants' sale of bread. Defendants had placed the prohibited 400,000 bags in a remote section of the bakery and posted signs in English and Spanish that said, "DO NOT USE."

Nonetheless, Defendants acknowledge that they used the prohibited bags for one week before Leland and Tyler Sycamore discovered the problem. When they discovered the problem, Defendants state that they told the plant manager to stop using the bags, obtained plain bags, and repackaged the remaining loaves in the bakery. Defendants claim that the last products shipped out in the prohibited bags went out the morning of April 11, 2011.

Sara Lee contests whether the prohibited bags were only used for one week because they discovered bread in the prohibited bags at a retail store in Park City on April 25, 2011. Defendants respond that the bread should not have been in a store two weeks after it was shipped. However, Defendants have no control over the "pull" policy of its delivery contractor. Defendants state that either a 14-day pull policy was in place or a driver failed to timely pull the product.

Sara Lee also questions why it took other members of Defendants' management a week to discovery the use of the prohibited bags. The bakery is a small operation, all the offices are at the bakery, and Defendants were selling bread in the prohibited bags in the small retail store that is part of the bakery's front office. Defendants argue, however, that the logo and style of the

Nana's Love bag is the same as the prohibited bags and the difference in the wording is not readily apparent. Tyler Sycamore also testified that he works from home a lot and his father, Defendant Leland Sycamore, is at the bakery's offices only once or twice a week.

Finally, Sara Lee questions how or why it would take Defendants so long to get the "Nana's Love" replacement bags. Sara Lee submits declarations from their own employees stating that it takes three days at most to get bags. Sara Lee presents evidence that several companies in Salt Lake make bags and if there was a problem with one company, another could quickly fulfill the order. Defendants did not specify why it had such difficulty in obtaining replacement bags. Defendants did not produce an order form demonstrating when they made the order nor a declaration from its supplier as to problems in supplying the bags. In addition, the court notes that Defendants gave no explanation as to how or why the bakery ran so short on the new bags, yet maintained a supply of 400,000 prohibited bags.

Neither party contacted the other party about the bag situation prior to the filing of the Motion for Contempt Sanctions. Defendants fault Sara Lee for filing the motion without contacting them when they discovered the use of the prohibited bags. Defendants claim that if Sara Lee had contacted them before filing the motion, they could have explained the mistake. Sara Lee faults Defendants for not calling and telling it about the mistake when it happened. Sara Lee points out that Defendants had allegedly stopped using the bags for a week before Sara Lee filed its motion and Defendants had not made any effort to explain the situation to Sara Lee or the court.

**DISCUSSION**

Federal district courts have the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistence to its lawful writ, process, order, rule, decree, or command." 18 U.S.C.A. § 401. It is well-settled law that "a district court has broad discretion in using its contempt power to require adherence to court orders." *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). In order to hold a party in civil contempt, a court must find clear and convincing evidence "[1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order." *FTC v. Kuykendall*, 371 F.3d 745, 757-58 (10th Cir. 2004).

All three elements are present in this case. The plant manager who, in poor judgment, decided to use the prohibited bags knew that there was a court order prohibiting the use of the bags. No evidence suggests that the use of the bags was done by mistake. When the plant manager ran out of the Nana's Love bags, he testified in his declaration that he decided to use the Sycamore Family Bakery bags until the new Nana's Love bags arrived. Packaging and production was within his scope of duties. The plant manager, however, gave no explanation for why the company ran out of the Nana's Love bags nor did he explain what the problems were with the bag supplier. The prohibited bags were used for an entire week and used to sell a substantial amount of product. This is not a case where an employee did not realize that they were using prohibited bags.

"The contemnor's disobedience need not be willful to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be

reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. v. Bad Ass Coffee Ltd. Partnership*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000). The decision to use the prohibited bags in this case appears to be wilful and at least shows a failure of being reasonably diligent in complying with the court's order. Accordingly, the court finds Defendants in civil contempt of the court's permanent injunction order.

Having found Defendants in civil contempt, the court may then impose appropriate sanctions for the purpose of achieving "either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . . ; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1210-11 (10th Cir. 1992). Sara Lee asks for compensatory damages, coercive sanctions, attorneys' fees in connection with the present motion, and an order allowing it to conduct limited discovery into the full extent of Defendants' contumacious conduct.

Sara Lee asks for compensatory damages in the amount of $.68 per loaf, which its expert calculates as a reasonable royalty for the unlawful sales of bread products under the Sycamore name. Defendants dispute the availability of trademark damages as compensatory damages for contempt. Rather, Defendants argue that compensatory damages should calculated by lost sales and Sara Lee should only be compensated for the 968 units that went to retail stores. The other 13,970 units went to nonretail customers who had pre-ordered the bread. Thus, Defendants argue that the sale to nonretail customers was not made based on the name Sycamore. The Defendants' expert in this case, however, has agreed that a reasonable royalty is the appropriate method for determining loss in this case. There was evidence during the injunction proceedings

that nonretail clients were also confused by Defendants' use of the name Sycamore on the bags. Moreover, through the use of the Sycamore bags, Defendants are using the goodwill of the Sycamore name with the nonretail accounts. The court concludes that the appropriate compensatory damages for the use of the infringing bags is $.68 per loaf for all 14,911 loaves of bread, which totals $10,136.

Sara Lee also requests that Defendants be required to deliver to the court or Sara Lee every remaining bag with the word Sycamore on it. Defendants agree to turn them over as the court requires. Accordingly, the court orders Defendants to produce the bags to Sara Lee within five working days of the date of this Order.

Sara Lee further asks for Defendants to turn over any remaining promotional literature, business cards, clothing, order forms, etc. with the word Sycamore. Defendants has not fully addressed this request and it is unclear to the court whether Defendant has any such items. Defendants, however, explained at the hearing that they are doing business as Nana's Love Bakery even though its corporate name is still Sycamore Family Bakery. The court does not believe that any prior order has required Defendants to change the corporate name. Nonetheless, because Defendants are doing business as Nana's Love, there is no need for Defendants to have any kind of marketing or public relations materials with the corporate name on it. If Defendants have any such materials, they should be turned over to Sara Lee with the prohibited bags.

The court recognizes that members of the Sycamore family who are employed with the company can obviously have their last name on their business cards. But the cards should identify the company as Nana's Love. This appears to be Defendants' practice as the cards attached to the memorandum in opposition demonstrate. In correspondence with the Division of

Corporations, Defendants will occasionally need to use the corporate Sycamore Family Bakery name. But, again, Defendants' letterhead and other materials should identify the company as Nana's Love. Defendants have repeatedly represented to this court that their intention is to conduct future business as Nana's Love, and the court reiterates that they must fully abide by that representation in all aspects of their business.

As for sanctions to compel or coerce compliance with the court's order, Sara Lee requests an award substantial enough to ensure that Defendants do not attempt to violate the court order again. Sara Lee asks the court to allow it to conduct limited discovery before determining the amount of these sanctions. The court concludes that additional discovery is unnecessary. The conduct has ceased and Defendants have provided documentation as to all the units that were sold in the infringing bags. The court has declarations from several witnesses and believes that additional discovery will yield little additional information.

In requesting sanctions to compel compliance with the court order, Sara Lee points to evidence in this case showing that Defendants have had little regard for its trademark rights. The court has recognized this conduct in its previous orders. While the present situation demonstrates a fairly significant lapse in judgment and continued for at least a week, the conduct appears to have ceased voluntarily. The court recognizes that some evidence suggests that only Plaintiff's motion may have caused the conduct to stop. In any event, despite past conduct, the court believes that Defendants are now taking the issue seriously.

Based on the facts before the case, the court concludes that coercive sanctions are necessary to emphasize to Defendants that the court order must be followed even when it may be inconvenient. Although Sara Lee has asked for sanctions in an amount up to $500,000, the court

determines that the appropriate amount of sanctions is that equal to the amount of compensatory damages. The court believes that this amount is both necessary and sufficient deter future violations. Accordingly, the court awards Sara Lee an additional $10,136.00 in coercive sanctions.

Finally, Sara Lee seeks attorneys' fees associated with the contempt motion. Defendants contend that attorneys' fees are only appropriate in civil contempt cases if the conduct is "persistent, pervasive, and willful." The cases cited by Defendants, however, do not require the court to make such a finding. In this case, Sara Lee is an innocent trademark holder simply trying to enforce its trademark rights, which this court has clearly recognized in its preliminary and permanent injunction orders. Defendants' conduct involved a member of its management knowingly using bags prohibited by the court order for at least a week. The amount of product shipped in the bags is significant. Defendants, however, failed to notify the court of the conduct on its own. The court, therefore, grants Sara Lee an award of reasonable attorneys' fees. Sara Lee shall submit additional briefing and materials to support the requested attorneys' fees within ten days of the date of this Order.

## CONCLUSION

Based on the above reasoning, Plaintiff Sara Lee Corporations Motion for Contempt Sanctions is GRANTED. The court finds Defendant in civil contempt of its Permanent Injunction Order in this case. The court awards Sara Lee $10,136.00 in compensatory damages, $10,136.00 in coercive sanctions, and reasonable attorneys' fees to be determined after further briefing. Also, Defendants shall turn over to Sara Lee within five working days of the date of this Order all bags with the name Sycamore on them. The court, however, concludes that no

additional discovery is warranted.  Finally, Sara Lee shall submit briefing and supporting documentation on its requested attorneys' fees within ten days of the date of this Order.

DATED this 12th day of May, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge