# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SARA LEE CORPORATION,<br><br>                          Plaintiff,<br><br>vs.<br><br>SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE,<br><br>                          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09CV523DAK<br><br>Judge Dale A. Kimball |

On August 19, 2011, Plaintiff Sara Lee Corporation filed a Motion to Enforce or Clarify Prior Contempt Sanctions Order and Request for Expedited Briefing. The court granted the request for expedited briefing, and the briefing on the motion is complete. Sara Lee asks this court to clarify or enforce this court's previous orders, issued May 12, 2011, and July 22, 2011. In these orders, the court found Defendants in contempt of the court's Permanent Injunction Order and awarded Sara Lee $20,272.00 in contempt sanctions and $20,830.00 in attorneys' fees in connection with bringing the motion for contempt sanctions. The court's previous orders, however, did not indicate that the awards were due and owing immediately. Because Defendants have failed to pay the contempt sanctions and attorneys' fee award, Sara Lee asks the court to clarify that the sanctions and attorneys' fees awards are due and owing immediately.

Defendants' opposition to Sara Lee's motion does not dispute that the sanctions and

attorneys' fees were due and owing when awarded. Defendants merely argue that they do not have the funds to satisfy the awards. A party's ability to pay an award, however, is not relevant to a determination of whether the award is due and owing. Therefore, the court clarifies its prior orders and specifically states that the sanctions award and attorneys' fees have been due and owing since the time that they were granted by this court and continue to be due and owing immediately. Accordingly, Sara Lee's motion is granted.

The issue of contempt sanctions for violation of the preliminary injunction is a matter separate and distinct from the claims and counterclaims proceeding to trial. In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Accordingly, an analysis of whether Rule 54(b) certification is appropriate requires the court: (1) to determine that the order to be certified is a final judgment; and (2) to find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already

determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). The separability requirement must be satisfied in order for the judgment to be considered "final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002); *see also Oklahoma Turnpike Auth.,* 259 F.3d at 1243.

In this case, the court's two prior rulings on the contempt sanctions and attorneys' fees coupled with this ruling clarifying that the awards are due and owing immediately constitute a final order on the issue. Sara Lee's claim for a permanent injunction is also finally resolved. Defendants' only objection to the entry of a permanent injunction was the fact that it was not necessary because they had changed the name of their bread products. The court determined that despite Defendants' name change, a permanent injunction was appropriate. Defendants' subsequent conduct that resulted in a finding of contempt of the permanent injunction is separate and distinct from the damages issues proceeding to trial on the trademark infringement and unfair competition claims. The contemptuous conduct occurred within a defined period of time after the entry of the permanent injunction was entered and all issues relating to the finding of contempt are separate and distinct from the issues relating to the remaining claims in the case. The appellate court, therefore, would not have to decide the same issues more than once if there were subsequent appeals. Accordingly, the court finds that there is no just reason for delay in the entry of a judgment for the award of contempt sanctions and attorneys' fees.

CONCLUSION

Based on the above reasoning, Plaintiff Sara Lee Corporation's Motion to Enforce or Clarify Prior Contempt Sanctions Order is GRANTED. The contempt sanctions and attorneys' fees, totaling $41,102.00, are due and owing immediately.

Furthermore, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court finds that: (1) the court's May 12, 2011 ruling awarding Sara Lee contempt sanctions in the amount of $ 20,272.00, the court's July 22, 2011 order awarding Sara Lee attorneys' fees in the amount of $20,830.00, and this ruling clarifying that the awards are due and owing immediately constitute a final order with respect to Defendants' contemptuous conduct in violation of the court's permanent injunction; and (2) because the contempt proceedings are separate and distinct from the remaining claims and counterclaims proceeding to trial, there is no just reason for delay in the entry of a judgment for the award of contempt sanctions and attorneys' fees. Accordingly, the court directs the Clerk of Court to enter Judgment in favor of Sara Lee and against Defendants in the amount of $41,102.00.

DATED this 25th day of August, 2011.

BY THE COURT:

DALE A. KIMBALL
United States District Judge