IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES, INC.,**<br><br>              Plaintiff,<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE,**<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09CV523DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff EarthGrains Baking Companies, Inc.'s Motion for Trebled Compensatory Damages and Pre-Judgment Interest and Defendants' Objection to Plaintiff's Proposed Judgment.  Plaintiff's motion is fully briefed and the time for briefing the Defendants' objection has passed.  The court concludes that a hearing would not significantly aid in the court's determination of the issues presented.  Accordingly, the court issues the following Memorandum Decision and Order based on the law and facts relevant to the motion and the memoranda and other materials submitted by the parties.

## DISCUSSION

**Plaintiff's Motion for Trebled Damages and Prejudgment Interest**

EarthGrains moves for enhanced damages and pre-judgment interest under the Lanham Act based on the jury's verdict.  Under 15 U.S.C. § 1117(a), "the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."  Earthgrains argues that it is entitled to treble

damages because the jury verdict was inadequate and the jury found that the infringement was willful.  "An award of treble damages does not depend exclusively on a finding that defendant's conduct was willful.  For example, Section 15 U.S.C. § 1117(a) allows a court to award more than the actual damages shown, not to exceed three times that amount, if it finds that plaintiff's recovery based on defendant's profits is inadequate.  Although willfulness also justifies treble damages, what is awarded should constitute compensation and not a penalty." *Novell v. Network Trade Center, Inc.*, 25 F. Supp. 2d 1233, 1244 (D. Utah 1998).

In this case, on EarthGrains' trademark infringement claims, the jury awarded Earthgrains $206,000 against Leland Sycamore and nothing against Sycamore Family Bakery.  The jury also found that Leland Sycamore and Sycamore Family Bakery intentionally infringed the Grandma Sycamore trademarks, knowing it was infringement.  On the unfair competition claims, the jury awarded EarthGrains $2,118,429 against Leland Sycamore and $8,700 against Sycamore Family Bakery.

With respect to EarthGrains' claim of inadequate damages, Defendants argue that this court should not second-guess the damages the jury awarded and this court should not consider any damages not presented to the jury.  Under Defendants' arguments, there would never be a basis for awarding enhanced damages.  However, in this case, there are several categories of damages which make an award of enhanced damages appropriate.  EarthGrains sought $4.9 million for Holsum's profits, introduced stipulated records demonstrating Holsum's $4.9 million in revenue, there was no evidence introduced as to Holsum's costs, and the jury awarded only $2.3 million.  EarthGrains also demonstrated that uncompensated losses for additional sales beyond those made by Holsum in Arizona and Nevada based on evidence that Holsum's sales

were declining whereas EarthGrains' sales in adjoining states were expanding. In addition, EarthGrains proved uncompensated losses for damage to the goodwill of the Grandma Sycamore's trademarks. Holsum was a competitor EarthGrains' would not have allowed to use the trademarks and there was no enforcement of brand quality. Finally, EarthGrains was not fully compensated for losses of sales in Utah, which totaled at least $480,000. Nonetheless, the jury awarded only $8700 in damages against Sycamore Family Bakery. The court, therefore, concludes that based on EarthGrains' claims of inadequate damages, the awards against Leland Sycamore should be doubled and the award against Sycamore Family Bakery should be trebled.

The court's decision to award enhanced damages is bolstered by the jury's finding of wilful infringement. There is substantial evidence in this case of deliberate and intentional disregard for EarthGrains' trademark rights. The court believes that this evidence alone would justify a doubling and trebling of the jury's damage awards against Defendants.

With respect to an award of prejudgment interest, there is a preference in the Tenth Circuit to award such interest in a case of wilful infringement under the Lanham Act. *United Phosphorous Ltd v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236-37 (10th Cir. 2000) ("this Court has adopted a preference, if not a presumption, for prejudgment interest."); *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir. ("prejudgment interest should normally be awarded on successful federal claims."). Defendants acknowledge the preference to award prejudgment interest, but argue that prejudgment interest would overcompensate EarthGrains and is not supported by the equities of the case. The court disagrees on both counts. The jury award is much lower than the damages EarthGrains sought and the equities in the case favor EarthGrains. Accordingly, the court grants EarthGrains prejudgment interest.

In determining the appropriate interest rate, "federal courts are 'free to choose any interest rate which would 'fairly compensate the plaintiff for the delay in the receipt of payment.'" *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 764 (10th Cir. 1997).  EarthGrains seeks a rate of 5.5% and Defendants ask the court to apply the look to Utah law for guidance, which would apply the federal post-judgment rate as of January 1, 2012, plus 2%, or 2.18%.  The court, in its discretion, determines that it the rate requested by Defendants will fairly compensate EarthGrains.  Accordingly, EarthGrains is entitled to 2.18% per annum prejudgment interest on its damages awards, compounded annually from the filing of the Complaint on June 8, 2009.

### Defendants' Objection to Plaintiff's Proposed Judgment

Defendants first object to Plaintiff's inclusion of treble damages, prejudgment interest and attorneys' fees.  Given that the court has now ruled on the pending motion for treble damages and prejudgment interest, those issues are now moot and the Judgment may reflect the court's ruling.  The court will address attorney fees after judgment is entered.  Judgment may be amended to reflect attorney fees after that issue is resolved.

Defendants next object to Plaintiff's inclusion of summaries of prior pleadings, proceedings, and orders.  Rule 54(a) of the Federal Rules of Civil Procedure provides, "A judgment should not include recitals of pleadings . . . or a record of prior proceedings."  Fed. R. Civ. P. 54(a).  Rule 58 of the Federal Rules of Civil Procedure also states that "[e]very judgment and amended judgment must be set forth on a separate document."  Fed. R. Civ. P. 58.  This rule has been interpreted to "require that there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." *United States v. Clearfield State Bank*, 497 F.2d 356, 359 (10th Cir. 1974).  The final judgment

should "specify the disposal of all the claims and the relief to which the prevailing parties are entitled." *See Stamatakis Indus. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 384 (7th Cir. 1991). Therefore, the court agrees with Defendants that the Judgment in this case should simply state the claims and the relief granted on each claim, including the jury's verdict and the court's permanent injunction. The docket already reflects the prior proceedings and rulings in the case. No other summary of prior findings and conclusions by the court is necessary. Plaintiff shall submit a new proposed Judgment listing only its claims and the relief to which it is entitled on each claim.

Finally, Defendants object to the Judgment stating that Defendants "willfully" infringed rather than using the language of the Verdict. The court agrees that the Judgment should reflect the language of the Verdict. Accordingly, Plaintiff shall use such language in its new proposed Judgment.

## CONCLUSION

Based on the above reasoning, EarthGrains Baking Companies, Inc.'s Motion for Trebled Compensatory Damages and Pre-Judgment Interest is GRANTED IN PART AND DENIED IN PART. The court grants EarthGrains double damages on the jury awards against Leland Sycamore and treble damages on the award against Sycamore Family Bakery. The court also grants EarthGrains prejudgment interest on those awards at the rate of 2.18% per annum, compounded annually from the filing of the Complaint on June 8, 2009 through the entry of Judgment. Defendants' objections on the inclusion of enhanced damages and prejudgment interest on the proposed Judgment is moot. The court sustains Defendants' other objections to the proposed Judgment. Plaintiff shall submit a new proposed Judgment as soon as practicable

identifying only the claim and relief granted as to each claim and using the language of the Verdict form in identifying the jury's determination that the infringement was intentional.

Dated this 26th day of June, 2012.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge