IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09CV523DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff EarthGrains Baking Companies, Inc.'s Motion for Attorneys' fees and costs. The motion is fully briefed and the court concludes that a hearing would not significantly aid in the court's determination of the issues presented. Accordingly, the court issues the following Memorandum Decision and Order based on the law and facts relevant to the motion and the memoranda and other supporting materials submitted by the parties.

## DISCUSSION

Earthgrains seeks $1,121,200 in attorneys' fees and $65,863 in costs as a prevailing party in an exceptional case under the Lanham Act. *See* 15 U.S.C. § 117(a). "[M]alicious, fraudulent, deliberate, or willful" conduct by a non-prevailing party renders a case "exceptional." *See Western Diversified Serv. Inc., v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1273 (10th Cir. 2005). The Lanham Act also provides for the recovery of costs beyond those traditionally allowed under 28 U.S.C. § 1920. *See United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 21 F. Supp. 2d 1255, 1262 (D. Kan. 1998).

In this case, the court issued a preliminary injunction in favor of EarthGrains based on clear evidence of its likelihood of success on the merits. Although Defendants were enjoined from violating EarthGrains' intellectual property rights prior to the trial in this case, the court had to conduct hearings on a violation of the preliminary injunction order and issue sanctions. Moreover, the jury in this case made a specific finding that Defendants' infringement was knowing and intentional. Defendants knew that they had sold the intellectual property rights, yet they decided to directly compete using the same name. They stole personal property and joked about the infringement and the resulting cease and desist letters. The court concludes that there is substantial evidence in this case establishing that the infringement was deliberate and willful. Accordingly, the court concludes that it is an exceptional case under the Lanham Act justifying an award of attorneys' fees to EarthGrains.

Where the facts of a case render it impossible to separate non-Lanham Act claims from Lanham Act claims, all attorneys' fees may be awarded. *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). This case involved complex and interconnected claims of trademark infringement, unfair competition, and breach of contract relating to intellectual property rights Leland Sycamore had sold to EarthGrains' predecessor-in-interest. The court concludes that all of the claims were sufficiently interrelated to allow an award of all reasonable attorneys' fees.

"When determining what is a reasonable award of attorneys' fees, the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate." *United Phosphorous*, 205 F.3d at 1233. The court determines reasonable hourly rates based on evidence of what the "market commands for . . . analogous litigation" and the "'prevailing market rate in the relevant community.'" *Id.* at 1232

(citations omitted).

Defendants argue that the court already determined prevailing market rates in its award of attorneys' fees in connection with contempt sanctions and the court should continue to use those rates. However, in connection with the present motion, EarthGrains has submitted the declaration of Samuel C. Straight, a prominent intellectual property litigator in Salt Lake, which provides the court with market evidence of reasonable hourly rates in cases of similar subject matter and complexity. Mr. Straight's declaration establishes that the claimed hourly rates are reasonable based on the attorneys' skill, experience, and reputation. EarthGrains' lead counsel, Mr. Burke and Ms. McGann, also submitted testimony that the rates were reasonable and consistent with litigation involving the types of claims in this action. The court did not have this type of evidence in its prior award of attorneys' fees. The court concludes that the rates sought by EarthGrains' counsel are reasonable prevailing market rates for this type of complex litigation.

After establishing the reasonable hourly rates, the court must then determine whether the hours billed are reasonable. In considering a reasonable fee award, the Tenth Circuit has suggested that courts consider the following factors: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task; (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

In this case, the court notes as an initial matter that all of EarthGrains' fees are submitted in the form of invoices that were sent to EarthGrains contemporaneous to the work that was

performed and EarthGrains has already paid the invoiced fees.  The court also recognizes that the case presented several complicated issues that were litigated by good, competent counsel on both sides.  Counsel on both sides presented well-researched, well-analyzed briefing throughout the course of the litigation.  Due to its complexity and the circumstances presented, the case involved a significant number of motions and court proceedings.  At all such proceedings, counsel for both sides were well prepared and thorough.  Both parties were zealously represented by counsel, and both chose to employ both local and out-of-state counsel.  The court reviews Defendants' objections to EarthGrains' fee requests with these considerations in mind.

Defendants first asserts that EarthGrains' counsel's use of block billing warrants an overall reduction in EarthGrains' requested fees because of the difficulty it creates in determining whether a reasonable amount of time has been spent on the various tasks described for each billing entry.  Defendants cite to *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998), where the court stated that "[t]he use of billing practices that camouflage the work a lawyer does naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary.  This concern is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work."

However, in cases since *Robinson*, the Tenth Circiut has refused to establish "a rule of law requiring a reduction in fees when attorneys have block billed."  *Flying J Inc. V. TCH, LLC*, 322 Fed. Appx. 610, 617 (10th Cir. 2009); *Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) ("This court has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney records which reflect block billing.").  Therefore, the billing practices and records in each case will dictate whether a reduction is necessary.

In this case, Defendants billing records do not appear unusual. Unlike the block billing in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), the time records were completed contemporaneous to the work. Many of the largest entries of time are on what the court would consider single tasks, such as researching and writing a brief, preparing several witnesses for trial, etc. The court does not find the nature of the block billing troubling in its review of the requested fees. Therefore, it concludes that no reduction in fees is required due to the block billing that exists in this case.

Defendants next argue for a 10% reduction in EarthGrains' fee request for the duplicative trial preparation resulting from the last minute necessity to continue the trial in August 2011. EarthGrains agrees to a reduction on this basis, but disagrees as to the amount of reduction. Defendants' requested 10% reduction would amount to $115,530.66 whereas Coleman argues that only $34,107 should be cut. The pretrial work by EarthGrains' counsel in August 2011 totaled $136,428.15. The pretrial work by EarthGrains' counsel from March 1, 2012 to April 8, 2012, totaled $106,727.50. Because the continuation was on the eve of trial when all counsel were ready for trial and the continuance required counsel to duplicate their preparations in order to be ready for trial six months later, the court concludes that the appropriate reduction is the work completed by EarthGrains from March 1, 2012 to April 8, 2012. Accordingly, EarthGrains' requested fees are reduced by $106,727.50.

Defendants seek a further reduction in EarthGrains' requested fees on the ground that EarthGrains "overlawyered" the case, which resulted in duplicative, excessive, and unnecessary fees. Earthgrains had 15 lawyers and 7 paralegals work on the case during the course of the litigation. The court, however, notes that several lawyers' billing records demonstrate that he or

she worked only on discrete motions or issues. The use of various attorneys on separate motions or issues in not unusual. Defendants also object to paying the fees of four attorneys at trial, specifically the trial attendance of Ms. White and Mr. Young. The court recalls that neither Ms. White nor Mr. Young were in attendance at the entire trial. The court does not find their participation unnecessary or redundant. Defendants also criticize EarthGrains for using out-of-state counsel, but Defendants chose to do so as well. Inevitably in this type of situation, there will be some overlap in work between in-state and out-of-state counsel. It does not appear to be a significant problem in this case. The court finds no basis for a reduction of fees for the general argument that the case was "overlawyered."

Defendants further assert that a close review of the billing records demonstrates that unreasonable amounts of time were spent on certain tasks, secretarial tasks were billed, billing entries were vague, tasks were double-billed, and excessive time for travel was billed. While the court does not agree with all the examples provided in Defendants' memorandum, the court recognizes that there are some items that appear unreasonable based on the amount of time spent, the type of task billed, amount of travel time, and vagueness in the billing entry. The court notes that it does not appear that a significant reduction is necessary based on these instances. In instances where a party has been successful, the court is also hesitant to question the amount of time required for certain tasks or strategies pursued to present their case. However, the court finds it would be appropriate to reduce the requested fee amount by 2% for such entries. Thus, EarthGrains' fee request is reduced by $23,106.14.

Finally, as to requested costs, Defendants contend that travel costs for out-of-state counsel are not reasonable because qualified intellectual property attorneys in Salt Lake City

could have handled the case. Travel costs account for $37,706.51 of the total $65,863 sought. Defendants cite to no case law supporting their position and the court is unaware of any rule requiring a party to use counsel in the district in which it needs to pursue a lawsuit. EarthGrains used its usual lead counsel, as do many other large corporations, and such a practice is not unreasonable. The court finds no basis for reducing the travel costs.

## CONCLUSION

Based on the above reasoning, the court concludes that this is an exceptional case under the Lanham Act and awards EarthGrains Baking Companies, Inc.'s attorneys' fees in the amount of $1,025,473.40 and costs in the amount of $65,863.

Dated this 14th day of December, 2012.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge