IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09CV523DAK<br><br>Judge Dale A. Kimball |

In this court's November 2, 2018 Memorandum Decision and Order, the court concluded that Plaintiff EarthGrains Baking Companies, Inc. was entitled to an award of attorneys' fees and costs in connection with its Renewed Motion for Contempt Sanctions and the Sycamore Family LLC's Motion to Appoint Special Master. Plaintiff submitted its requested attorneys' fees, and Leland Sycamore and the Sycamore Family LLC (collectively "the Sycamores") each opposed Plaintiff's request. The matter is fully briefed and the court concludes that a hearing would not significantly aid in the court's determination of the issues presented. Accordingly, the court issues the following Memorandum Decision and Order based on the law and facts relevant to the matter as well as the memoranda and other supporting materials submitted by the parties.

## DISCUSSION

EarthGrains seeks $204,866.94 in attorneys' fees and $3,072.67 in costs attributable to its Renewed Motion for Contempt Sanctions and the Sycamore Family LLC's Motion to Appoint Special Master. "When determining what is a reasonable award of attorneys' fees, the district

court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate." *United Phosphorous. Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). The court determines reasonable hourly rates based on evidence of what the "market commands for . . . analogous litigation" and the "'prevailing market rate in the relevant community.'" *Id.* at 1232 (citations omitted). In determining the proper amount of hours, the overriding consideration is whether the hours were necessary. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The party seeking the award of fees has the burden of proving both the numbers of hours spent and the hourly rates charged are reasonable. *United Phosphorus*, 205 F.3d at 1233.

This court has previously approved of EarthGrains' counsel's rates in this matter based on a declaration of Samuel C. Straight, a prominent intellectual property litigator in Salt Lake. Mr. Straight's declaration provided the court with market evidence of reasonable hourly rates in cases of similar subject matter and complexity as well as the rates commensurate with the attorneys' levels of experience. The court concludes that EarthGrains' requested rates are reasonable prevailing market rates for this type of complex litigation.

After establishing the reasonable hourly rates, the court must then determine whether the hours billed are reasonable. In considering a reasonable fee award, the Tenth Circuit has suggested that courts consider the following factors: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task; (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

As an initial matter, the Sycamores assert that EarthGrains has not proven that it paid the invoices submitted with the fee request. However, the Declarations of Nicholas U. Frandsen and Charles A. Burke both attest that EarthGrains has incurred a specific amount of attorneys' fees and costs to their law firms. While the declarations may not specifically state that EarthGrains submitted payment to the law firms in those specific amounts, by stating that EarthGrains has "incurred" certain legal fees, the court understands the declarations to mean that EarthGrains has paid those amounts.

The Sycamores also take issue with alleged "block billing" and request that the court reduce EarthGrains' fee award on that basis. The Tenth Circiut has refused to establish "a rule of law requiring a reduction in fees when attorneys have block billed." *Flying J Inc. V. TCH, LLC*, 322 Fed. Appx. 610, 617 (10th Cir. 2009); *Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) ("This court has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney records which reflect block billing."). The court has previously addressed this issue in relation to a previous attorneys' fee award in this case. As this court previously found, EarthGrains' billing records do not appear unusually vague, and the court does not find the nature of the block billing troubling. Moreover, most entries are for a single task or related tasks.

The Sycamores further assert that EarthGrains' submitted billing statements demonstrate significant inefficiencies. The Sycamores argue that billing a client $200,000 for a renewed motion for contempt is unreasonable. But the court does not believe a per se argument can be made in this context. The renewed contempt motion and motion to appoint a special master presented highly factual issues, spanning several years of obfuscation and discovery, and

3

necessitated a significant amount of analysis. The court itself could not address the issues in less than twenty pages and spent a significant amount of time reviewing the relevant case law and the extensive facts at issue, and then considering the proper course and remedy for the conduct in question. When circumstances reach the point of requiring the appointment of a receiver, the issue is complicated and needs detailed factual support. The Sycamores cannot escape the fact that they put EarthGrains in the unusual position of having to prove contempt and the necessity of a receivership and that such proof is time-consuming, complex, and thus expensive. The court finds it reasonable that work was done on the motion over the course of several years. The court itself required EarthGrains to engage in discovery and renew the motion after such discovery if it was warranted.

The Sycamores argue that EarthGrains is not entitled to attorneys fees for legal research. However, the court finds no grounds for precluding all recovery for legal research. While there may not have been extensive legal case law cited in the motion, that does not mean that legal issues were not researched in connection with the motions and discovery conducted in relation to the motions. The court will allow $5,000 of the $7,200 requested for legal research.

In addition, while the Sycamores' counsel argues that EarthGrains' counsel's work is inefficient, the court must recognize that the work that went into the motions led to a successful result. This court is hesitant to take issue with how much time is necessary to obtain successful results and generally finds the work conducted to be reasonable in light of the complicated history and circumstances of this case. But the court will reduce some of the requested fees for entries in which Mr. Burke simply stated, "work on contempt motion." Based on those vague entries, the court will reduce the requested fees by $15,340.00, which equals 26 hours at the rate

of $590. The court will also reduce the requested fees related to administrative and clerical discovery work by $8,730.00, which equals 14 hours at the rate of $275 and 16 hours at the rate of $305. The court will also reduce the requested fees in connection with the motion to appoint special master by $1,785.00, which is 3 hours of time at the rate of $595. Otherwise, the court finds no basis for reducing the requested fees.

Accordingly, the court reduces EarthGrains' $204,866.94 fees request by $2,200 on legal research, $15,340 on briefing, $8,730 on discovery, and $1,785 on the special master motion and awards EarthGrains attorneys' fees in the amount of $176,811.94.

## CONCLUSION

Based on the above reasoning and the reasons given in this court's November 2, 2018 Memorandum Decision and Order, the court awards EarthGrains attorneys' fees in connection with its Renewed Motion for Contempt Sanctions and the Sycamore Family's Motion to Appoint Special Master in the amount of $176,811.94 and costs in the amount of $3,072.67.

Dated this 8th day of February, 2019.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge