IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EARTHGRAINS BAKING COMPANIES, INC., <br><br>          Plaintiff, <br><br>vs. <br><br>SYCAMORE FAMILY BAKERY INC., and LELAND SYCAMORE, <br><br>          Defendant. | MEMORANDUM DECISION & ORDER <br><br>Case No. 2:09CV523DAK <br><br>Judge Dale A. Kimball |

On July 10, 2019, R. Wayne Klein, the court-appointed Receiver of the assets of the Sycamore Family LLC, submitted a Report and Recommendation on Accounting for Distributions to Members of Sycamore Family LLC. On August 7, 2019, Plaintiff Earthgrains Baking Companies, Inc., filed a Motion to Implement the Receiver's Recommendations for Distributions from the Sycamore Family LLC. The parties have fully briefed the issues raised in the Report and Recommendation.

The Receiver has completed his forensic accounting, determination of what expenditures and imputed benefits should be deemed distributions, and allocation of those expenditures and benefits to each LLC member. The Report and Recommendation addressed: (1) whether the analysis of expenditures used to perform the calculation should include all expenditures by the Sycamore Family LLC or exclude those related to the income generating and operational aspects of the Sycamore Family LLC; (2) which types of financial transactions and asset uses should be

treated as distributions; (3) how particular financial transactions and asset uses should be allocated among members of the Sycamore Family LLC; (4) how the proportionate share of distributions that would be owed to Leland Sycamore should be calculated considering his 48% membership interest in the Sycamore Family LLC and distributions to other members of the Sycamore Family LLC; (5) what payment should be made to EarthGrains now from funds controlled by the Receiver; (6) what assets should be made available to satisfy the Judgment; and (7) prospects of the LLC being able to make future distributions to EarthGrains.

Based on the information and records the Receiver was able to review, the Receiver made two calculations of distributions owed to EarthGrains. EarthGrains has agreed to focus on payment of the lesser amount of $3,859,898.96. The Receiver recommends that he pay EarthGrains $1.1 million from the available cash in the Sycamore Family LLC's bank accounts and liquidate sufficient LLC real estate to pay EarthGrains the remaining $2.7 million. The court agrees that selling LLC assets to generate funds is the only feasible option since the Receiver found that the LLC assets do not generate sufficient income and foreclosure on Leland Sycamore's interest in the LLC is not practical.

The Sycamores' objections to the Receiver's recommendations raise many issues the court has already ruled upon in previous orders. There is no basis for the court to revisit those issues. The Sycamores also raise irrelevant objections casting blame on EarthGrains and the Sycamores' attorneys for the Sycamores' failure to cooperate and adhere to the court's orders. None of these objections changes the fact that distributions are owing to EarthGrains.

The Receiver thoroughly analyzed the basis for each distribution. The Sycamores' objections regarding the Receiver's determinations on what LLC expenditures should be treated

as distributions are without merit. The Receiver properly treated a "loan" to the Sycamores' daughter as a disguised distribution and accurately calculated imputed rent. The Sycamores' lack of documentation on these matters make their contentions nothing more than speculation. The court concludes that all legitimate interests of other LLC owners would be adequately protected by the Receiver's recommendations.

The Sycamores further claim that the Receiver's recommendations are against Utah law. The Sycamores contend that the Utah Limited Liability Act ("LLC Act") does not allow for the liquidation of the LLC's real estate assets. However, the LLC Act contemplates this remedy by allowing a Receiver to be appointed and orders put in place to give effect to the charging order. The Sycamores claim liquidation of the LLC's real estate assets is not allowable because it would force the members of the LLC to accept a creditor of Leland Sycamore. But the Receiver's recommendation does not require acceptance of a creditor, it advocates for selling assets to raise liquid assets. Because the LLC does not have sufficient cash assets to make the payments that should have been made to EarthGrains, and the LLC will not be able to do so in any reasonable amount of time, liquidation gives effect to the Charging Order as contemplated by the LLC Act. The Sycamores provide no argument as to why real estate holdings should be treated differently from cash assets with respect to ensuring compliance with the Charging Order.

The LLC also argues that the Receiver can only make imputed distributions to EarthGrains that occurred after he became Receiver. However, this eviscerates the purpose of the Charging Order and the Court's Order Appointing Receiver. The appointment of the Receiver was as a necessary remedy for the Sycamores' contempt. Allowing the Receiver to only make payments occurring after the Receiver's appointment would forgive five years of disregard

for the Charging Order. The appropriate time frame is from the date of the Charging Order not the date the Receiver was appointed.

In addition, the Sycamores argue that Nevada law should apply to the Charging Order. However, the court has previously found that the Sycamores waived this argument by not timely filing objections to the entry of the Charging Order when it was entered. Furthermore, the Charging Order does not implicate the internal affairs of the LLC, it merely relates to the LLC's obligation to a third party.

Moreover, there are no grounds for disqualifying the Receiver or investigating his contacts with EarthGrains. Some level of communication between the Receiver and parties to the case is necessary and to be expected. Nothing out of the ordinary has occurred in this case.

The court, therefore, adopts the Receiver's recommendations and orders the Receiver: (1) to promptly pay EarthGrains $1.1 million in cash; and (2) liquidate sufficient LLC real estate assets to allow for the payment of the remaining distributions, $2,759,898.96, to EarthGrains.

DATED this 14th day of November, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge