# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY, INC., and LELAND SYCAMORE,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-CV-523-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Interested Party Sycamore Family, LLC's Motion to Stay Proceedings and Liquidation by Receiver Pending Appeal. Plaintiff EarthGrains has opposed the motion, and Sycamore Family LLC ("LLC") has filed a reply in support of its motion. Accordingly, the motion is fully briefed. The court concludes that a hearing would not aid in its determination of the motion. Therefore, the court issues the following memorandum decision and order based on the parties' briefing and the law and facts relevant to the pending motion.

On November 14, 2019, the court ordered the Receiver to pay EarthGrains $3,859,898.96, including $1.1 million from available cash and $2.7 from liquidated real estate. On December 13, 2019, the LLC filed a notice of appeal. On January 28, 2020, the LLC filed the present motion seeking a stay of the court's order pending appeal.

Rule 62(b) of the Federal Rules of Civil Procedure provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay

takes effect when the court approves the bond or other security and remains in effct for the time specified in the bond or other security." Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1).

The purpose of a stay is to preserve the status quo pending appeal. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). The parties dispute whether the presence of the bond or other security is sufficient for a stay or whether the court must also analyze the additional factors in considering the motion to stay pending appeal. Both parties rely on *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 219). The *Deutsche Bank* case involved an appeal from a judgment foreclosing a mortgage. *Id.* at 503. The court recognized that, "[u]nder the new version of Rule 62, the newly expressed flexibity for the form of security to protect the appellee gives more explicit support for treating the property in a mortgage foreclosure appeal as sufficient security, at least as long as the property is occupied and cared for." *Id.* at 510. The court further explained that "since the amended rule no longer provides completely automatic stays, it allows the courts flexibility to protect a lender-appellee who needs protection from risks that would dissipate the property or otherwise undermine the security it provides." *Id.* Accordingly, "under the new rules, courts should be able to balance fairly the appellant-debtor's appeal rights with the lender-appellee's rights to security pending appeal. *Id.*

In the present case, the court has appointed a Receiver over the LLC's assets. Because the Receiver is in control of the properties he seeks to liquidate, EarthGrains has adequate security that the properties will not be dissipated as a whole. The court, however, recognizes that there are several properties where income from the properties is being dissipated because the

2

properties are not being rented at a fair market value of rent. In balancing the parties' rights, therefore, the court stays only the liquidation of the properties pending the LLC's appeal but requires the Receiver to obtain full fair market rents for each of the properties pending the appeal. The Receiver should forward those rental payments to Plaintiff pending appeal. In addition, there is no need to stay appraisal of the properties pending appeal. The appraisal of the properties should move forward for purposes of proper rental value and their potential sale.

Based on the above reasoning, the LLC's Motion to Stay Pending Appeal [ECF No. 487] is GRANTED IN PART AND DENIED IN PART as explained above and Receiver's Motion for Court to Appoint Appraisers for Eleven Properties Owned by Sycamore Family LLC [ECF No. 495] is GRANTED.

DATED this 30th day of March, 2020.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge