IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC. and LELAND SYCAMORE,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-CV-523-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on the court-appointed Receiver's Motion to Abandon Receivership Real Property Located at 4302 N. Sheffield Drive, Provo, Utah [ECF No. 514]. On February 2, 2023, the court held a hearing on the motion via Zoom videoconferencing. At the hearing, David Castleberry represented the Receiver, and Bert Tony Wolfley represented the Sycamore Family, LLC. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

The Receiver asks the court to enter a proposed order authorizing him to abandon the Sheffield home because the property has no equity and no value to the Receivership Estate given that Leland Sycamore's line of credit with Wells Fargo that is secured by the Sheffield Home is for much more than the house is worth. The Receiver also asks the court to rule that the value of the Sheffield Home, as of the date of its removal, is $1,535,000. That amount is the average of two appraisals the Receiver had done in the Summer of 2022.

The Sycamore Family LLC opposes the Receiver's motion to abandon the Sheffield

1

Property, arguing that the Tenth Circuit's February 14, 2022 decision required that the home be foreclosed upon by Wells Fargo before it could be considered a distribution to Leland.

However, the Tenth Circuit agreed that the Receiver had the power to start liquidating properties and take other similar measures to give effect to the Charging Order. The problem the Tenth Circuit had with the Receiver's method for giving effect to the Charging Order was the Receiver's use of placing a value on the property to calculate the distributions made to Leland before the foreclosure occurred. The Tenth Circuit's decision focuses on foreclosure, likely because foreclosure appeared to be the logical next step. But, for unknown reasons, Wells Fargo has not foreclosed. The Tenth Circuit did not address the Receiver seeking abandonment—only abandonment through foreclosure. But nowhere in the decision does it preclude the Receiver from abandoning the Sheffield Property in his management of the receivership estate.

In reversing the Receiver's prior recommendation as to the distributions the Sycamore Family LLC had made to Leland since the Charging Order went into effect, the court recognized that the Charging Order's directive was premised on distributions having been made in the past and proportionate distributions having been wrongly withheld from EarthGrains. The court explained that future, unknowable distributions could not enter the Receiver's calculus. The court stated that the Receiver could not count a distribution that had not yet happened, such as the Sheffield Property's foreclosure. The court then attempted to illustrate the problem with the premature inclusion of a future foreclosure, stating that whatever the Sheffield Property ultimately sells for, any imputed distribution likely cannot exceed the value that leaves the LLC upon foreclosure. The court noted that whichever way the dust settles with the foreclosure, Leland's debt, and how that impacts distributions through the LLC, the dust has not settled yet.

Nothing in the tenth Circuit's decision would preclude the Receiver from abandoning the

Sheffield Property to maximize value in the receivership estate. It would appear to be within the Receiver's authority to abandon the property. The appraisals that were conducted last summer are helpful to the calculus as to whether the Receiver should abandon the home. They demonstrate that there is not a financial reason for holding on to the property because the Sheffield home has no equity. Therefore, the court authorizes the Receiver to abandon the Sheffield property and sign over title to the home to Wells Fargo.

But the Receiver's second request, that the court place a value on the home for purposes of using it to calculate the LLC's distributions to Leland appears to the court to be problematic at this time because it is based on appraisals done before the home was abandoned and removed from the receivership. While the appraisals were useful for determining that the house has no equity and abandonment is the correct way to move forward, the court does not believe that it can use those appraisals for purposes of determining the distribution amount that has been given to Leland that should be passed along to EarthGrains. At this time, the court does not believe it should place a value on the home based on prior appraisals. Rather, the court will allow the Receiver to abandon the property. Then, in the words of the Tenth Circuit, when the "dust settles" from that abandonment, the Receiver can determine the value that abandonment generated for Leland. Once that value is established, the Receiver can count it as a distribution to Leland and pass that amount along to EarthGrains under the Charging Order. The court has too many questions as to what value Leland will receive from the abandonment to establish a value at this time. Accordingly, the court finds that it is premature to place a value on the abandonment of the Sheffield property at this time.

Based on the above reasoning, the court authorizes the Receiver to abandon the Sheffield Home as an asset of the receivership estate and sign documents transferring title to the Sheffield

Home to Wells Fargo, as lien holder. The Receiver shall calculate the value of abandoning that asset after the abandonment occurs and the "dust settles" on issues such as what value Wells Fargo places on the asset, what benefit Leland receives from it, and what amount should be deemed as a distribution to Leland. Accordingly, the Receiver's Motion to Abandon Receivership Real Property Located at 4302 N. Sheffield Drive, Provo, Utah [ECF No. 514] is GRANTED IN PART AND DENIED IN PART.

DATED this 14th day of February, 2023.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE