IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC. and LELAND SYCAMORE,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-CV-523-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on the Sycamore Family, LLC's Motion for Order Determining Past Distributions and Requiring Proportionate Distributions [ECF No. 529] and Receiver R. Wayne Klein's Revised Report and Recommendation on Accounting for Distributions to Members of Sycamore Family LLC [ECF No. 556]. The court does not find that oral argument would assist in the determination of these matters. After carefully considering the parties' written submissions and the relevant law and facts, the court issues the following Memorandum Decision and Order.

## **Sycamore Family LLC's Motion**

The Sycamore Family LLC moves the court for an order determining the amount of past distributions and requiring proportionate distributions to all members of the Sycamore Family LLC going forward. The Sycamore Family LLC claims that distributions against Leland Sycamore can only be calculated between the time of the Charging Order and the time of the Receivership Order.

Due to years of obstruction by Defendant Leland Sycamore and the Sycamore Family LLC

1

with respect to payment of the Judgment Plaintiff received in this case, the court appointed a Receiver to ensure compliance with the court's March 6, 2014 Charging Order.  The Receiver was tasked with preparing an accounting listing the amount and value of all distributions to or for the benefit of any members of the Sycamore Family LLC from the date of the Charging Order. The Receiver's Report listed the Sheffield Home as an asset valued at $2,917,400.00 and explained that Leland Sycamore pledged the Sheffield Home as security for a loan that he had taken from Wells Fargo. The Report further outlined that Leland Sycamore had stopped paying on the loan, Wells Fargo had initiated foreclosure proceedings on the Sheffield Home, and the amount still owed on Leland Sycamore's loan was approximately $2,112,500.00.  The Receiver recommended that because the Sycamore Family LLC was to lose an asset with the assessed value of $2,917,400.00 due to Leland's default on the Wells Fargo loan, the amount of the asset's value should be imputed to Leland as a distribution. This, in combination with other amounts, brought Leland's total imputed distribution amount to $3,859,898.96.  To satisfy that amount, the Receiver recommended that all assets of the LLC be made available to satisfy Plaintiff's Judgment. On November 14, 2019, the court entered a Memorandum Decision & Order adopting the Receiver's recommendations.  The Sycamore Family LLC appealed the court's order.  The Tenth Circuit ruled that the Receiver improperly assigned a distribution value to the Sheffield Home based on assessed values when it should have used the amount of the home's value at the time of foreclosure. After remand, the court allowed the Receiver to abandon the Sheffield Home by transferring title to Wells Fargo as lien holder and stated that the Receiver could determine the value that abandonment generated for Leland Sycamore based on the foreclosure value of the Sheffield Home.

      The Sycamore Family LLC's motion misconstrues the Tenth Circuit's order, which

reversed the court's prior distribution order only to the extent that it included the 2018 assessed value of the Sheffield Property. The Tenth Circuit observed that it was the premature inclusion of the Sheffield Home's value from the 2018 assessment, rather than as derived from a foreclosure that was in error. The court stated that the imputed distribution amount could not be known until foreclosure. The Tenth Circuit was concerned about the amount attributed to the home's value, not the propriety or authority of such a distribution in the first place. The Tenth Circuit expressly upheld the propriety and authority of the court in determining and ordering imputed distributions under the Charging Order. The Sycamore Family LLC has exhausted its arguments in regard to these issues, which are no longer subject to appeal.

The Sycamore Family LLC also appears to suggest that because the future abandonment of the Sheffield Home is not a past distribution falling between the entry of the Charging Order and the entry of the Receivership Order, it is technically too late for the value of the Sheffield Home to be imputed to Leland Sycamore under the Receivership Order. But this argument ignores the timing of Leland's impairment of the Sheffield Home. The Charging Order was in place when Leland Sycamore stopped making payments on his loan obligation to Wells Fargo.  The default of the loan at the time the Charging Order was in place impaired a significant asset of the Receivership Estate because Leland Sycamore had obtained the loan using the Sheffield Home as security. If the court were to grant the Sycamore Family LLC's motion, Leland Sycamore would avoid a quantifiable distribution that should be imputed as a distribution to him and preclude a fair recovery for Plaintiff under the Charging Order. In the court's February 14, 2023 Order, the court allowed the Receiver to abandon the Sheffield Home to Wells Fargo and stated that the Receiver could determine the value that abandonment generated for Leland based on the home's future sale.

For these reasons, the court finds the Sycamore Family LLC's motion to be without merit.

It would undermine the purpose of the Charging Order and reward Leland Sycamore for impairing and dissipating assets in defiance of the Charging Order. Accordingly, the court denies the Sycamore Family LLC's Motion for Order Determining Past Distributions and Requiring Proportionate Distributions [ECF No. 529].

### Receiver's Revised Report and Recommendation

To cure the defect in the original Report and Recommendation identified by the Tenth Circuit regarding the value of the Sheffield Home, the Receiver has submitted his Revised Report and Recommendation on Accounting for Distributions to Members of Sycamore Family LLC. The Revised Report provides a corrected accounting of distributions made to Leland Sycamore. The Revised Report then summarizes the amounts already paid to EarthGrains and recommends selling real property assets to pay Plaintiff the amounts necessary to recompense EarthGrains for payments not made to it as required by the Court's 2014 Charging Order.

The Receiver's original Report and Recommendation calculated the amount of prior distributions that should be imputed to Leland Sycamore as $3,859,898.96, which was based on an assessed value of the Sheffield Home. The Revised Report and Recommendation is based on the actual abandonment and foreclosure sale of the Sheffield Home. The Sheffield Home was sold at a foreclosure auction on May 2, 2023, to Wells Fargo Bank for $2,111,487. This amount represents Well's Fargo's valuation of the property, and Wells Fargo subsequently reduced the amount that Leland Sycamore personally owes on his personal Wells Fargo loan by that amount. Therefore, $2,111,487 is the benefit Leland received from the LLC's asset and is the amount that should be deemed as a distribution to Leland. This amount makes the imputed prior distribution to Leland the exact value of the disposed asset at the time of its removal from the LLC.

The $942,498.96 in imputed prior distributions to Leland Sycamore from the original

Report and Recommendation plus the corrected $2,111,487.00 value of the Sheffield Home, makes $3,053,985.96, the total distributions to Leland Sycamore. Deducting the $1,375,000 that the Receiver has already paid to EarthGrains, leaves $1,678,985.96 that the LLC still owes EarthGrains for prior distributions required by the Charging Order. The Receiver recommends and the court agrees and directs that the Receiver sell sufficient LLC assets to fund payment to EarthGrains of this amount due under the Charging Order for prior distributions. The Receiver may consult with the LLC, or counsel for the LLC if counsel enters an appearance in this case, on which LLC properties to sell to make that payment. If counsel does not appear for the LLC, the Receiver may rely on a statement signed by all members of the LLC identifying the properties to sell. If all members of the LLC do not timely provide a signed statement of unanimous agreement on which properties to sell, the Receiver shall use his own good faith judgment on which properties to sell.

When this $1,678,985.96 is paid, it will satisfy the Charging Order's requirement that prior imputed distributions for the benefit of Leland Sycamore be paid to EarthGrains. However, that will not satisfy the LLC's entire obligation to EarthGrains. The 2012 Judgment against Leland Sycamore was for $5,740,194.40 plus pre- and post-judgment interest. After this prior distribution is paid, Leland Sycamore will still owe $2,686,208.44 on the Judgment, along with pre- and post-judgment interest. Therefore, the Charging Order will still require the LLC to pay EarthGrains Leland Sycamore's future distributions from the LLC, which provides for him to receive a 48% share of LLC distributions, until the Judgment is fully satisfied.

When sufficient assets within the Receivership Estate are sold to pay EarthGrains the $1,678,985.96 in prior imputed distributions, the LLC can begin making distributions to all LLC members according to the terms of the LLC, and Leland Sycamore's 48% share of future

distributions will be forwarded to EarthGrains until the Judgment is fully satisfied. The court finds no basis for revisiting its prior ruling that the receivership will not be terminated until the full Judgment Leland Sycamore owes to EarthGrains has been satisfied. At that time, the Receiver shall propose to the court a method for terminating the receivership estate and returning control over the assets to the managers of the Sycamore Family LLC. These findings, however, do not preclude the parties and Receiver from engaging in settlement negotiations with respect to the future of the receivership and satisfaction of the Judgment.

Accordingly, the court affirms and adopts as the order of the court the Receiver's Revised Report and Recommendation on Accounting for Distributions to Members of Sycamore Family LLC [ECF No. 556].

DATED this 9th day of January, 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE