IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**SYCAMORE FAMILY BAKERY INC. and LELAND SYCAMORE,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-CV-523-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on the Interested Parties Sycamore Family, LLC and Tyler Sycamore's ("The Sycamores") Motion to Terminate Charging Order and Receivership [Due to Failure to Renew Judgment] [ECF No. 578] and Plaintiff EarthGrains Baking Companies, Inc.'s Motion to Renew Judgment [ECF No. 582]. The court does not find that oral argument would assist in the determination of these matters. After carefully considering the parties' written submissions and the relevant law and facts, the court issues the following Memorandum Decision and Order.

### The Sycamore's Motion to Terminate Charging Order and Receivership

The Sycamores move the court to terminate the Charging Order Against Defendant Leland Sycamore's Interest in Sycamore Family LLC, entered March 6, 2014 [ECF No. 345] and to terminate the receivership this court established in its Order Appointing Receiver for the Assets of Sycamore Family LLC, on November 2, 2018. The court entered the original Final Judgment in this case on July 16, 2012, and an Amended Final Judgment on September 1, 2015. The Sycamores argue that Plaintiff did not timely file a motion to renew the Judgment and because there is no

1

underlying judgment on which the Charging Order can be based, the court should terminate the Charging Order and receivership.

Under Rule 69(a)(1) of the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Utah law, "[j]udgments shall continue for eight years from the date of entry in a court unless previously satisfied or unless enforcement of the judgment is stayed in accordance with law." Utah Code Ann. § 78B-5-202(1).

In this case, the Amended Final Judgment amended and superseded the Final Judgment. Defendants appealed the 2012 Final Judgment and obtained a favorable decision from the Tenth Circuit invalidating the 2012 Final Judgment and requiring this court to enter the Amended Final Judgment. As directed by the Tenth Circuit, this court made additional findings and entered the Amended Final Judgment on September 1, 2015. Accordingly, without any period of stays, the Amended Final Judgment remained in force until at least September 1, 2023. *See id.*

However, there have been many court-ordered stays and delays in this case since the court entered the Amended Final Judgment. On March 30, 2020, at the Sycamores' request, the court entered a partial stay preventing the Receiver from liquidating the LLC's assets pending the LLC's appeal. This stay preventing the Receiver from doing anything to collect on the Amended Final Judgment remained in force until the appeal was resolved on March 8, 2022. This nearly two-year stay extended the duration of the judgment. In addition, in May 2023, this court entered another 21-day stay for the LLC to appoint new counsel. The LLC did not obtain new counsel for eight months. Both stays prevented collection in this action and have tolled the judgment for at least two years, which means that the Amended Final Judgment is in effect until 2025. Accordingly, the

court finds no basis for the Sycamores' motion to terminate the Charging Order and Receivership.

Moreover, there is Utah law providing that "a judgment debtor cannot assert a judgment's expiration as a defense in an enforcement action when the debtor acted in bad faith to prevent the judgment creditor from enforcing the judgment." *Gildea v. Wells* Fargo, 2015 UT 11, ¶ 19. Every party has a right to advocate on its own behalf, but the Sycamores have repeatedly gone beyond that standard and engaged in obstructive and fraudulent behavior to delay and prevent collection on the judgment. Since entry of the Amended Final Judgment, the court has had to repeatedly rule on the Sycamores obstructive behavior. Due to years of obstruction by Defendant Leland Sycamore and the Sycamore Family LLC with respect to payment of the judgment Plaintiff received in this case, the court appointed a Receiver to ensure compliance with the court's Charging Order. Plaintiff has diligently sought to execute on the Final Amended Judgment. The only impediment to that execution has been the documented bad acts by multiple Sycamore parties. The court's prior orders outline the Sycamores' behavior. Since the court appointed the Receiver, the Sycamores have also filed multiple motions and appeals to delay and obstruct collection on the judgment. Plaintiff and the Receiver have had to wait on court rulings in order to proceed with execution on the judgment, only to then face another motion or appeal. Even though the established stays in this case render the Amended Final Judgment still operable, the court concludes that its past findings as to the Sycamores' contempt, obstruction, and gamesmanship also support the court's exercise of its equitable powers to toll the expiration of the judgment for a period of at least two years.

Plaintiff asks the court to award it attorney fees in connection with this motion. The Sycamores argue that the motion has merit because the typical statutory eight years has passed. While the statutory eight years has passed, the Sycamores should have been aware of the court

ordered stays in this case resulting from the Sycamores' multiple appeals and their overall pattern of delay and obstruction throughout that period. The court declines to award attorney fees in connection with this motion because eight years had passed. But the court warns the Sycamores' counsel that many of their arguments were bordering on frivolous and unconnected to the factual history of this case. Similar arguments in the future could result in sanctions and an award of attorney fees.

Based on the stays in place during the term of the Amended Final Judgment and the Sycamores' bad faith in allowing collection on the Amended Final Judgment, the court finds that the Amended Final Judgment has been statutorily tolled and should be, and is, equitably tolled until at least September 1, 2025.   Accordingly, the court concludes that the Sycamore's Motion to Terminate Charging Order and Receivership is without merit and is denied.

### Plaintiff's Motion to Renew Judgment

Plaintiff moves under Utah Code Ann. § 78B-6-1801, *et seq.*, and Rule 58C of the Utah Rules of Civil Procedure, to renew and extend the Amended Final Judgment in this action.   Under Section 78B-6-1802, this court can renew a judgment it has issued upon the filing of a motion, supporting affidavit, and payment of statutory fees "before the statute of limitations on the original judgment expires."   Utah Code Ann. § 78B-6-1802.

The Sycamores dispute only whether Plaintiff's motion was filed before the statute of limitations on the original judgment expired. Based on the court's analysis above, this court's stays have statutorily extended the Amended Final Judgment and the Sycamores' litany of bad faith obstructive and contemptuous conduct, engaged in to prevent Plaintiff from enforcing its judgment, has equitably tolled the judgment's limitations period. The Sycamores' extensive pattern of obstructive conduct has been outlined in prior court orders and is accurately set out in

Plaintiff's motion to renew judgment. Plaintiff has actively and diligently sought to execute on the judgment. The Sycamores' characterization of Plaintiff as "inexcusably and unreasonably sleeping on its rights" is so wholly disconnected from the actual facts of this case as to be frivolous and borderline sanctionable. The court has no other case where the defendants have been as obstructionist as the Sycamores in this case.

The Sycamores also erroneously assert that the term original judgment refers to the first judgment in an action rather than the operative amended judgment. Such a reading of the statutory language is nonsensical. The statute clearly refers to the judgment to be renewed, which in this case is the Amended Final Judgment.

The court finds that Plaintiff's Motion to Renew Judgment is timely brought prior to the expiration of the operative judgment and meets all other statutory requirements for renewal. Accordingly, the court grants Plaintiff's Motion to Renew Judgment.

## Conclusion

Based on the above reasoning, the Interested Parties Sycamore Family, LLC and Tyler Sycamore's ("The Sycamores") Motion to Terminate Charging Order and Receivership [Due to Failure to Renew Judgment] [ECF No. 578] is DENIED and Plaintiff EarthGrains Baking Companies, Inc.'s Motion to Renew Judgment [ECF No. 582] is GRANTED.

DATED this 15th day of July 2024.

BY THE COURT:

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE