IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EARTHGRAINS BAKING COMPANIES, INC.,**<br><br>   Plaintiff,<br><br>v.<br><br>**SYCAMORE FAMILY BAKERY INC. and LELAND SYCAMORE,**<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY**<br><br>Case No. 2:09-CV-523-DAK_DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

   This matter is before the court on Interested Parties Sycamore Family LLC and Tyler Sycamore's (jointly "Sycamore Parties") Motion to Stay Proceedings Pending Appeal [ECF No. 603]. Plaintiff EarthGrains has opposed the motion, the Receiver filed a Declaration, and the Sycamore Parties have not filed a reply but the time for doing so has passed. Accordingly, the motion is fully briefed. The court concludes that a hearing would not aid in its determination of the motion. Therefore, the court issues the following memorandum decision and order based on the parties' briefing and the law and facts relevant to the pending motion.

   The Sycamore Parties ask the court to stay liquidation of assets pending the outcome of the court's July 15, 2024 Memorandum Decision and Order. In that decision, the court held that based on the stays in place during the term of the Amended Final Judgment and the Sycamore's bad faith in allowing collection on the Amended Final Judgment, the Amended Final Judgment was statutorily tolled and equitably tolled until at least September 1, 2025. The court then granted Plaintiff's Motion to Renew Judgment because it was timely brought, and Plaintiff met

all the statutory requirements for renewal. On August 6, 2024, the Sycamore Parties filed a notice of appeal.

Rule 62(b) of the Federal Rules of Civil Procedure provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1).

The Sycamore Parties state that the LLC's assets, which are under the control of the Receiver, should operate as a security under Rule 62(b). The court agrees that the assets will remain intact under the control of the Receiver. But that security does not automatically entitle the Sycamore Parties to a stay pending appeal. *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 219). The *Deutsche Bank* case involved an appeal from a judgment foreclosing a mortgage. *Id.* at 503. The court recognized that "since the amended rule no longer provides completely automatic stays, it allows the courts flexibility to protect a lender-appellee who needs protection from risks that would dissipate the property or otherwise undermine the security it provides." *Id.* Accordingly, "under the new rules, courts should be able to balance fairly the appellant-debtor's appeal rights with the lender-appellee's rights to security pending appeal." *Id.*

Typically, a court weighing whether to grant a stay pending appeal considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

In the present case, the Sycamore Parties have not demonstrated a likelihood of success on the merits with respect to their appeal. The 2015 Amended Final Judgment clearly superseded the 2012 Final Judgment. Moreover, the court's July decision was based on quantifiable dates of stays during the judgment period and the court's decade-long observations of the bad faith delay and obfuscation the Sycamores have engaged in to avoid paying a valid, binding judgment. To reward that history of delay and obfuscation with a voiding of the judgment would be to upend justice as we know it. And, as the Sycamores continue to fight every collection effort, the equities grow in favor of EarthGrains. There are no statutory or equitable grounds by which the Sycamores can in good faith escape payment of the judgment. The court does not find its July decision even fairly debatable.

The Sycamore Parties' motion to stay is not helped by the inclusion of inaccurate assertions in their attempt to demonstrate irreparable harm.[1] The Receiver submitted a declaration clarifying that he has no intention of evicting the tenants in the three properties being marketed. Nobody is at risk of becoming homeless. The Receiver's proposed course of action is to only sell three of the eleven properties owned by the LLC. This would not result in a "total

---

[1] The court notes that in its July decision it was also required to point out that the Sycamore Parties made assertions that were "so wholly disconnected from the actual facts of this case as to be frivolous and borderline sanctionable." The court warns the Sycamore Parties' counsel that zealous advocacy does not include misrepresenting the facts. The court will entertain an award of sanctions if this pattern of misrepresentations continues.

divestiture of the LLC's income stream" or "result in the total closure of the LLC." The Receiver does not intend to liquidate all LLC assets.

The court concludes that the Sycamore Parties have not demonstrated irreparable harm. While the court agreed to stay proceedings pending an appeal in 2020, the court believes that the balance of harms has shifted and now weighs in favor of EarthGrains. There is no legitimate reason to delay collection on the judgment.

Based on the above reasoning, the Sycamore Parties' Motion to Stay Proceedings [ECF No. 603] is DENIED.

DATED this 24th day of September 2024.

BY THE COURT:

Dale A. Kimball
United States District Judge